WILLIAM W. MORRISON, PLAINTIFF-APPELLANT, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF JACKSON, MICHAEL RYTELEWSKI, JAMES W. HYRES, JOSEPH F. SMITH, RALPH FINELLI, HERBERT DOLAN, DORIS BENNETT, IVAN MICKLE AND FRANK HOLMAN, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 21, 1971—Decided September 27, 1971.

Before Judges GOLDMANN, COLLESTER and MINTZ.

*Mr. Donald C. Butch* argued the cause for appellant (*Messrs. Hiering, Grasso, Gelzer & Kelaher,* attorneys).

*Mr. Herman A. Adler* argued the cause for respondents (*Messrs. Lomell, Muccifori, Adler, Kearney & Ravaschiere,* attorneys).

The opinion of the court was delivered by

GOLDMANN, P. J. A. D. Plaintiff appeals from a Law Division judgment in defendant's favor holding that the office of Tax Assessor of Jackson Township was abolished in accordance with the provisions of *N. J. S. A.* 40:145–19

and that plaintiff therefore did not have the right to be restored to his former position of tax assessor.

Plaintiff was the successful candidate for an unexpired term of one year as township tax assessor, the term to begin July 1, 1964 and end June 30, 1965. He actually entered upon his office in November 1963 when he was appointed to fill the vacancy resulting from the resignation of the assessor then holding office. At the November 1964 general election plaintiff was again the successful candidate for the office, the term to begin July 1, 1965 and end June 30, 1969. It was stipulated that plaintiff received a tax assessor's certificate from the Division of Taxation, Department of the Treasury, on October 4, 1967 under *L.* 1967, *c.* 44, § 1 *et seq.* (*N. J. S. A.* 54:1–35.25 *et seq.*)

The ballot for the November 1969 general election carried as a referendum a proposed ordinance to abolish the position of tax assessor and to create in its place a three-man board of assessors. This was done pursuant to and in full conformity with the provisions of *N. J. S. A.* 40:145–19. The ordinance was approved by a vote of 2925 to 1120. Thereafter, on June 30, 1970 the office of tax assessor was abolished and a three-man board of assessors appointed. Plaintiff was not one of the appointees. The board members will receive salaries totalling $7,000, as compared with the $9,800 received by plaintiff. It is indicated that members of the board will, if they have not already done so, apply for certification by the Division of Taxation.

On July 2, 1970 plaintiff obtained a temporary restraining order enjoining the defendant appointees from assuming their duties as members of the board of tax assessors. That order was dissolved on October 9, 1970, and defendants thereafter undertook the performance of their duties. The judgment here on appeal was entered December 3, 1970.

Plaintiff maintains that he acquired tenure as township tax assessor under *N. J. S. A.* 54:1–35.31, and that tenure could not be defeated by the action taken under *N. J. S. A.* 40:145–19 abolishing his office and creating the three-man

board of assessors. *N. J. S. A.* 54:1–35.31 provides in pertinent part:

Notwithstanding the provisions of any other law to the contrary, every person

(1) who, upon reappointment or re-election subsequent to having received a tax assessor certificate and having served as tax assessor or performed the duties of assessor for not less than 4 consecutive years immediately prior to such reappointment or re-election, or

(2) who, on or before June 30, 1969, shall have received a tax assessor certificate while actually in office as assessor or performing the duties of an assessor, and who, on or before June 30, 1969, shall have served as assessor or performed the duties of assessor for not less than 4 consecutive years.

shall hold his position during good behavior and efficiency notwithstanding that such reappointment or re-election was for a fixed term of years, and he shall not be removed therefrom for political reasons but only for good cause shown and after a proper hearing before the director or his designee after due notice. * * *

In support of his position, plaintiff points to the fact that he served as tax assessor for almost seven years, from November 1963 to October 9, 1970, when the temporary restraint was dissolved, and that he had received the required tax assessor's certificate before June 30, 1969 while actually serving as township tax assessor, thereby satisfying the second quoted provision of *N. J. S. A.* 54:1–35.31. He maintains that he could be removed from office "only for good cause shown and after a proper hearing."

After the taking of testimony and the argument of counsel, the trial judge in an oral opinion held that the township and its electorate had acted in good faith and for good cause — namely, economy and efficiency — and in accordance with the provisions of *N. J. S. A.* 40:145–19. He noted that while the Faulkner Act, Walsh Act and the Municipal Manager Act seemed to grant protection to tenured officers — see *N. J. S. A.* 40:69A–207, 40:71–9 and 40:80–11, respectively — there was no similar provision in the laws relating to townships (*Title* 40, *Subtitle* 11; *N. J. S. A.* 40:142–1 *et seq.*, particularly *N. J. S. A.* 40:145–19). Noting that

repeal by implication is not favored in the law, the trial judge held that *N. J. S. A.* 40:145–19 was not repealed by *N. J. S. A.* 54:1–35.31, upon which plaintiff relies.

*N. J. S. A.* 54:1–35.31 has as its purpose the granting of tenure of office to a tax assessor who had received his tax assessor's certificate before June 30, 1969 while in office, having served four years. However, *N. J. S. A.* 40:145–19 is not concerned with tenure, but with abolition of the office of tax assessor and the creation of a three-man board of assessors to appraise and value property in the township, if the voters at a general election show their preference for such a change by voting in favor of an ordinance so providing.

Plaintiff claims he is entitled to one of the positions on the new board. We find nothing in *N. J. S. A.* 40:145–19, the law or logic that so requires.

There is no showing here of bad faith or political motivation. *Cf. Ream v. Kuhlman,* 112 *N. J. Super.* 175 (App. Div. 1970) and *Docket* A–824–70. Quite simply, the Jackson Township voters by an impressive margin expressed their desire to have tax assessments made by a three-man board, rather than by one man.

Affirmed.